Houston, J.
INTRODUCTION
The defendant, Reid Cooper (“Cooper”), has filed an appeal from the Superior Court’s denial of his motion to vacate a dismissal and his motion to enlarge time for filing a docket fee. In opposition, the plaintiff, Marilyn R. Pardus (“Pardus”) has moved (1) to dismiss defendant’s appeal; (2) to impose sanctions for filing a frivolous appeal and (3) for execution to issue forthwith. For the foregoing reasons, I GRANT the plaintiffs motion to dismiss the defendant’s appeal and GRANT the motion to impose sanctions. However, I DENY the motion for execution to issue forthwith.
Attorney James R. Rosencranz, counsel for the Defendant, moves the Court to withdraw as counsel and requests a motion to be heard on the motion. I DENY the motion for hearing and DENY the motion to withdraw.
*255 BACKGROUND
The Court entered default judgment in favor of Plaintiff, Marilyn R. Pardus (“Pardus”), against Defendant, Reid Cooper (“Cooper"), for $62,730.73 on June 27, 1994. Defendant Cooper filed a notice of appeal. The Superior Court, pursuant to Mass.R.App.P. 10(a) dismissed the appeal for failure to pay a docket fee in accordance to Mass.R.App.P. 10(a)(1). Defendant then filed an “Emergency Motion to Vacate” and an “Emergency Motion to Enlarge the Time for Filing the Docket Fee" on December 12 and December 20, 1994. The Court denied both motions. Defendant refiled the motions pursuant to Superior Court Rule 9A rather than as emergency motions. The Court denied these motions without hearing. Defendant has filed a notice of appeal from the denial of these motions.
DISCUSSION
Plaintiffs Motion To Dismiss Appeal
The plaintiff moves to dismiss the appeal. The appellate clerk cannot assemble the record on appeal until the appellate clerk receives the transcripts ordered by Cooper or upon notification by Cooper that such transcripts do not exist. The appellant is supposed to “within forty days after filing a notice of appeal, deliver to the clerk of the lower court proceedings which the appellant deems necessary for determination of the appeal, or (ii) a signed statement certifying that the appellant has ordered such portions from the court reporter.” Mass.R.App.P. 9(c)(2). The appellant has done neither and so the court dismisses the appeal pursuant to Rule 11(c).
Plaintiffs Motion to Impose Sanctions
The defendant has made numerous mistakes in the course of this suit. First, the defendant failed to file an answer, resulting in the entry of a default judgment. Then, the defendant gave notice of appeal instead of moving to vacate the default judgment, and after giving notice of appeal, the defendant then failed to pay the docket fee in a timely manner. His appeal was therefore dismissed. After giving notice of appeal of that dismissal, he failed to comply with at least one rule of procedure, as discussed above. These actions bespeak of either incompetence or a bad faith effort to delay the execution of judgment.
The Court was entitled to dismiss Cooper’s original appeal for failure to comply with Mass.R.App.P. 10(a)(1). It was also clearly within the discretion of the Court to deny the defendant’s motion to vacate the dismissal of the original appeal. There is also no issue of law to be reviewed. The present appeal, therefore, is frivolous. The plaintiff has incurred additional attorney fees of $1,990.50. The Court sanctions Attorney James R. Rosencranz and defendant Reid Cooper jointly in the amount of attorneys fees.
Plaintiffs Motion for Execution to Issue Forthwith
The defendant’s actions appear to be a bad faith effort to delay execution of judgment. Therefore the Court will grant the plaintiffs request that execution issue forthwith.
Attorney James R. Rosencranz’s Motion to Withdraw
James R. Rosencranz (“Rosencranz”), counsel of record for the defendant, Cooper, moves to withdraw pursuant to Dr-5-101 (A) for an alleged conflict of interest. Rosencranz claims that the plaintiffs motion to impose sanctions for filing a frivolous appeal has placed him in a conflict of interest. That is, the threat of sanctions threatens to compromise his judgment on behalf of his client. However, the attorney is responsible for filing a frivolous appeal, not the client. Rosencrantz cannot claim that now that he finally faces the ramifications of filing a frivolous appeal, he is tempted to withdraw the appeal in opposition to the defendant’s desire to proceed with the appeal. He should not have filed a frivolous appeal in the first place. I deny the motion for hearing and deny the request to withdraw as counsel.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion to dismiss defendant’s appeal is GRANTED and ORDERED that attorney James R. Rosencranz pay attorney fees in the amount of $1,990.50 filing a frivolous appeal. I also GRANT the plaintiffs motion for execution to issue forthwith. I DENY the motion of James R. Rosencranz for hearing and DENY the motion of James R. Rosencranz to withdraw as counsel.